**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL  NO.  W-20-CR-137-ADA** |
| | § | |
| **JASON PAUL SOLIS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.    PROCEDURAL BACKGROUND

The defendant was found guilty of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced the defendant to thirty-two months imprisonment; three years supervised release; a $100.00 special assessment; and a $100.00 fine. The defendant began his supervision on July 24, 2024. On January 17, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his release and seeking a show-cause

hearing as to why the defendant's supervised release should not be revoked. The petition alleges the defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant violated Mandatory Conditions Number 2 and 3, in that he unlawfully possessed and used a controlled substance, in that on September 26, 2024, Mr. Solis submitted a urine specimen which tested positive for methamphetamine and marijuana.

> **Violation Number 2:** The defendant violated Standard Condition Number 5, in that he failed to notify the probation officer at least 10 days before, or 72 hours after, a change in residence.

> **Violation Number 3:** The defendant violated Standard Condition Number 7, in that he failed to notify the probation officer at least 10 days before, or 72 hours after, a change in employment.

## II.     FINDINGS OF THE COURT

At the hearing, the defendant pleaded true to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to those violations.

1)     The defendant violated the conditions of his supervision as alleged in the petition.

2)     The defendant was competent to make the decision to enter a plea to the allegations.

3)     The defendant had both a factual and rational understanding of the proceedings against him.

4)     The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5)     The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6)     The defendant was sane and mentally competent to stand trial for these proceedings.

7)    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8)    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9)    The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10)    The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11)    The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12)    The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant be continued on supervision. He shall be remanded to custody until a bed at a residential treatment facility becomes available. The following special conditions should apply: the defendant shall participate in an in-patient drug treatment program, for a term of 45 days, at the Cenikor Foundation located in Waco, Texas. While in the program, the defendant shall obey all rules of the facility and participate fully in the approved programming. To commence IMMEDIATELY UPON THE COMPLETION OF RESIDENTIAL TREATMENT the defendant shall reside in a residential re-entry center for a period of up to sixty (60) days, or until a suitable residence can be approved by the probation officer, whichever occurs first. Further, once employed, the defendant shall pay 25% of his

weekly gross income for his subsistence as long as that amount does not exceed the daily contract rate.

### III.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of April 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE