UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA      §
§
vs.      §      NO:  WA:20-CR-00137(1)-ADA
§
(1) JASON PAUL SOLIS      §

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause.  On  January 17, 2025 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) JASON PAUL SOLIS, which alleged that Solis violated a condition of his supervised release and recommended that Solis 's supervised release be revoked (Clerk's  Document No. 36).  A warrant issued and Solis was arrested.  On April 2, 2025, Solis appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

Solis appeared before the magistrate judge on April 15, 2025, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on April 15, 2025, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of Solis, the magistrate judge recommends that this court

continue Solis supervised release.   The magistrate judge recommends the additional following special conditions:

He shall be remanded to custody until a bed at a residential treatment facility becomes available. The following special conditions should apply: The defendant shall participate in an in-patient drug treatment program, for a term of 45 days, at the Cenikor Foundation located in Waco, Texas. While in the program, the defendant shall obey all rules of the facility and participate fully in the approved programming. To commence IMMEDIATELY UPON THE COMPLETION OF RESIDENTIAL TREATMENT the defendant shall reside in a residential re-entry center for a period of up to sixty (60) days, or until a suitable residence can be approved by the probation officer, whichever occurs first. Further, once employed, the defendant shall pay 25% of his weekly gross income for his subsistence as long as that amont does not exceed the daily contract rate (Clerk's Document  No. 49).

A party may serve and file specific,  written  objections to the proposed  findings and recommendations of a magistrate  judge within fourteen  days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b);  Fed. R. Civ. P. 72(b).  A party's failure to timely file written  objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds  of plain error, from attacking  on appeal the unobjected-to proposed  factual findings and legal conclusions

accepted by the district court. *Douglass v. United Services Auto Ass 'n,* 79 F.3d1415 (5th Cir. 1996) *(en bane).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On April 15, 2025, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation OfUnited States Magistrate Judge (Clerk's Document No. 48). The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 49 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (1) JASON PAUL SOLIS's term of supervised release is hereby CONTINUED. In addition, defendant Solis shall comply with the following special conditions:

He shall be remanded to custody until a bed at a residential treatment facility becomes available. The following special conditions should apply: The defendant shall participate in an in-patient drug treatment program, for a term of 45 days, at the Cenikor Foundation located in Waco, Texas. While in the program, the defendant shall obey all rules of the facility and participate fully in the approved rogramming. To commence IMMEDIATELY UPON THE COMPLETION OF RESIDENTIAL TREATMENT the

defendant shall reside in a residential re-entry center for a period of up to sixty (60) days,

or until a suitable residence can be approved by the probation officer, whichever occurs

first. Further, once employed, the defendant shall pay 25% of his weekly gross income

for his subsistence as long as that amont does not exceed the daily contract rate.

**IT IS FURTHER  ORDERED**  that all prior conditions of supervised release are

reimposed.

Signed this 17th day of April, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE