IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:20-CR-137-ADA-1 |
| | § | |
| JASON PAUL SOLIS | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

On March 10, 2021, Mr. Solis was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to thirty-two (32) months imprisonment; three (3) years supervised release; and ordered to pay a $100.00 special assessment, and $100.00 fine. Mr. Solis began the term of supervised release on July 24, 2024.

On April 15, 2025, Mr. Solis appeared in Court for a final revocation hearing, due to continued drug use and absconding from supervision. Mr. Solis plead True to all violations and asked the Court for a second chance, contending he had not committed any new crimes and that he wanted help overcoming his substance abuse problem. The Court granted Mr. Solis a second

chance, continuing him on supervised release and referring him to inpatient treatment. The Court warned Mr. Solis that he would face the maximum sentence possible if he continued to violate the conditions of supervised release in the future.

On October 29, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

> **Violation Number 1:** The defendant violated Mandatory Condition Number 1, in the he committed a new crime, in that on March 2, 2025, Mr. Solis was arrested for Criminal Trespassing and Evading Arrest/Detention, Case Number 25CCR01727.
>
> **Violation Number 2:** The defendant violated the Additional Condition for alcohol abstinence during treatment, in that on October 26, 2025, he failed a breathalyzer and subsequently admitted to consuming alcohol. Additionally, it was discovered that Mr. Solis had possessed and consumed alcohol on multiple prior occasions.
>
> **Violation Number 3:** The defendant violated Additional Condition for placement in a residential re-entry center, in that on October 28, 2025, he was unsatisfactorily terminated from the residential re-entry center for being unaccountable, driving without permission, bringing alcohol into the re-entry center, going to unauthorized locations, and possessing nude and pornographic images on his phone in violation of the program regulations.
>
> **Violation Number 4:** The defendant violated Standard Condition Number 4, in that he failed to truthfully answer questions asked by the probation officer, in that he lied about maintaining sobriety when asked on August 27, September 12 and September 25, 2025.

On November 25, 2025, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE as to violation numbers 1 and 2. The defendant pled NOT TRUE as to violation numbers 3 and 4. The petition contained a sufficient factual basis to support a plea of TRUE as to violations 1 and 2. An evidentiary hearing took place as to violations 3 and 4.

At the evidentiary hearing, the Court heard testimony from Roy Pate, United States Probation Officer, regarding the factual basis for violation numbers 3 and 4. Upon hearing the evidence, the court found violations 3 and 4 to be TRUE by a preponderance of the evidence.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1 and 2 and NOT TRUE to violations 3 and 4.

2. The defendant had both a factual and rational understanding of the proceedings against him.

3. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The defendant was sane and mentally competent to stand trial for these proceedings.

6. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

8. The defendant understood the petition and the charges alleged against him.

9.  The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

10. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

11. The defendant understood that he had the right to plead NOT TRUE to violations 1 and 2 and proceed with a hearing at which he could present evidence and cross-examine witnesses.

12. The defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 2 and NOT TRUE to the allegations in violation 3 and 4.

13. The defendant understood his statutory and constitutional rights regarding violations 1 and 2 and desired to waive them.

14. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to violation numbers 1 through 2.

15. The Court heard evidence about violations 3 and 4 and found both alleged violations to be TRUE by a preponderance of the evidence.

16. The defendant violated the conditions of his supervision as alleged in the petition.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that the defendant be sentenced to a term of 14 months of imprisonment with credit for time in custody, and with no term of supervised release to follow.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 26th day of November, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE